UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| DWIGHT SAMUEL MULBERRY AND | ) Case No. 23-10804-JGR |
| JONI MICHELLE MULBERRY | ) |
| | ) Chapter 7 |
|    Debtor. | ) |
| | ) |
| BFS GROUP, LLC d/b/a BMC WEST, LLC, | ) |
| and BUILDERS FIRSTSOURCE, | ) Adv. Proc. No. 23-01142-JGR |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| DWIGHT SAMUEL MULBERRY | ) |
| JONI MICHELLE MULBERRY, | ) |
| | ) |
|    Defendants. | ) |

**MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Dwight Samuel Mulberry and Joni Michelle Mulberry (the "Mulberrys"), through undersigned counsel appearing through the Faculty of Federal Advocates, file this Motion to Dismiss and state as follows:

**INTRODUCTION**

According to the complaint, the Mulberrys were the owners of Craftsman Homes & Interiors LLC ("Craftsman"). Plaintiff BFS Group LLC ("BFS") entered into an agreement with Craftsman to provide building materials to Craftsman. BFS alleges that it supplied building materials to Craftsman, but Craftsman failed to pay BFS. BFS has asserted claims against the Mulberrys under § 523(a)(4) and (a)(6).

As demonstrated below, BFS fails to allege facts (as opposed to legal conclusions) to support each element of their claims. For its § 523(a)(4) claim, BFS fails to allege facts to support the defalcation standard from *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74

(2013). For its § 523(a)(6) claim, BFS fails to allege facts to support the intent requirement of *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998). As a result, even taking the factual allegations in the complaint as true (as opposed to the unsupported legal conclusions), BFS would not be entitled to judgment based on the allegations in the complaint and the claims in the complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).

I. **MOTION TO DISMISS STANDARD**

The purpose of a motion to dismiss is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff "must allege enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action," *Id*. at 555. While the court accepts the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a claim must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Plausibility refers to the "scope of the allegations in a complaint— *i.e.,* if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48. (10th Cir. 2008) (internal quotations omitted). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* A plausible claim must, therefore, "sufficiently allege[] facts supporting all the elements necessary

2

to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## II. ELEMENTS OF THE BFS'S CLAIMS

BFS asserts claims under 11 U.S.C. § 523(a)(4), and 523(a)(6). It is a "well-known guide that exceptions to discharge should be confined to those plainly expressed." *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998). Further, to promote the policy of providing debtors with a fresh start, "exceptions to discharge are to be narrowly construed, and . . . doubt is to be resolved in the debtor's favor." *Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 U.S. App. LEXIS 19089, at *13 (10th Cir. July 12, 2022). The statutory language and elements of each of BFS's claims are identified and addressed in turn below.

### A. NON-DISCHARGEABILITY UNDER 523(A)(4)

Pursuant to 11 U.S.C. § 523(a)(4), a debtor may not discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." BFS alleges that the Mulberrys each committed a defalcation of a fiduciary duty. As demonstrated below, BFS fails to allege factual material to support the intent element of its claim.

#### i. FRAUD OR DEFALCATION OF A FIDUCIARY

A claim for defalcation while acting in a fiduciary capacity requires: (1) a fiduciary relationship, and (2) a defalcation. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996). Whether a fiduciary relationship exists for purpose of § 523(a)(4) is determined under federal law. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996). Under federal law, "an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)." *Id.* For the purpose of this motion, the Mulberrys acknowledge that courts have held the Colorado mechanic's lien trust fund statute, Colo. Rev. Stat. § 38-11-127 (the "Trust Fund

Statute"), creates a technical trust that can create a fiduciary duty. *See, e.g., Pino v. Jensen (In re Jensen)*, Nos. 16-21724, 17-01078, 2019 Bankr. LEXIS 1774, at *20 (B.A.P. 10th Cir. June 7, 2019).

Defalcation requires "an intentional wrong" that the "fiduciary knows is improper" or "reckless conduct of the kind that the criminal law often treats as the equivalent. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary consciously disregards (or is willfully blind to) a substantial and unjustifiable risk." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74 (2013); *see also In re Karch*, 501 B.R. 403, 407 (Bankr. D. Colo. 2013). A risk is substantial and unjustifiable if it is of "such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves *a gross deviation* from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id.* In short, "defalcation by a fiduciary requires a culpable state of mind involving knowledge of, or gross recklessness in respect to, the improper nature of the fiduciary behavior." *Dampier v. Credit Invs., Inc. (In re Dampier)*, Nos. CO-15-006, 14-24526, 2015 Bankr. LEXIS 3800, at *18-19 (B.A.P. 10th Cir. Nov. 5, 2015).

The Mulberrys acknowledge that the complaint contains sufficient allegations for a Trust Fund Statute claim, for which no intent is required. *See* Colo. Rev. Stat. § 38-22-127. But the complaint contains no factual allegations to support the intent element of defalcation required under *Bullock*—not even a recitation of the required intent element as a legal conclusion. This is not a Fed. R. Civ. P. 9(b) issue, which permits BFS to allege intent generally. This is a *Twombly, Iqbal*, and *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) issue. Each of those cases requires factual allegations to support legal conclusions: "a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. The Court in *Iqbal* stated "Rule

4

9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid--though still operative--strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). "And Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss. *Id.*

An allegation that the Mulberrys did something "intentionally" is a legal conclusion: "intent, moreover, cannot be alleged as a legal conclusion; a complaint must plead facts sufficient to give rise to a plausible inference of intent. *Clarke v. Swanson*, Nos. 13 B 14970, 13 A 1340, 2014 Bankr. LEXIS 4565, at *13 (Bankr. N.D. Ill. July 7, 2014) (internal quotations omitted). "The requirement to plead facts rather than legal conclusions applies to allegations of a defendant's intent as well as allegations about a defendant's conduct." *Kaplan v. Al Jazeera*, 2011 U.S. Dist. LEXIS 61373, at *11-12 (S.D.N.Y. June 7, 2011). "Respondent finally maintains that the Federal Rules expressly allow him to allege petitioners' discriminatory intent 'generally,' which he equates with a conclusory allegation. . . . But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 129 S. Ct. at 1954. That legal conclusion cannot satisfy the requirement to plead factual material to support the intent element of BFS's claims.

Because the complaint fails to contain factual allegations to support the intent element of a defalcation claim, it fails to state a claim. *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (a plausible claim must "sufficiently allege[] facts *supporting all the elements* necessary to establish an entitlement to relief under the legal theory proposed."). As a result, BFS's first and second claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5

### B. NON-DISCHARGEABILITY UNDER 523(A)(6)

Pursuant to 11 U.S.C. § 523(a)(6), a debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The willful prong requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Willful and malicious injury means intentional torts, as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply the act itself." *Id.* at 61-62. The willful prong requires that the act is done "in conscious disregard of one's duties and without just cause or excuse… or wrongful and without just cause or excuse." *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 919 (B.A.P. 10th Cir. 2020) (internal quotations omitted).

In the complaint, BFS fails to include any factual material to support a conclusion that the Mulberry's committed an intentional tort and deliberately caused an injury. BFS simply parrots the language of § 523(a)(6), which is insufficient to state a claim. The third claim for relief under § 523(a)(6) must be dismissed for failing to state a claim.

### CONCLUSION

BFS fail to allege sufficient factual material to support each element of its claim. BFS fails to allege any factual material to support the intent element of a claim under § 523(a)(4). BFS also fails to allege any factual material in the complaint to support the willful element of a claim under § 523(a)(6). As a result, BFS's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 29, 2023                              Respectfully submitted,

                  **ONSAGER | FLETCHER | JOHNSON | PALMER LLC**

                  *s/ Andrew D. Johnson*
                  Andrew D. Johnson, #36879
                  600 17th Street, Suite 425 North
                  Denver, Colorado 80202
                  Ph: (720) 457-7061
                  ajohnson@OFJlaw.com

                  *Counsel for Defendants*

## CERTIFICATE OF SERVICE

  I certify that on June 29, 2023, a copy of the foregoing was served on Plaintiff's counsel and anyone requesting electronic notice through CM/ECF pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

                  *s/ Barbara A. Moss*